New York Dock Company, Appellant, *v.* Flinn-O'Rourke Company, Inc., Respondent, and The City of New York, Appellant.

**Equity — trial — appeal — erroneous dismissal of complaint, in action to restrain a trespass and continuing nuisance, against contractor doing work for a municipality and continuing action against the municipality.**

The owner of certain lands under water together with buildings, bulkheads, wharves, piers, docks and slips sought in this action against the contractor and the city of New York judgment restraining defendants from trespassing upon the property of plaintiff, continuing a nuisance thereon, obstructing any part of the land under water of the slip or obstructing or hindering plaintiff in its access to and from its property and for damages. *Held*, the allegations of the complaint present a cause of action sounding in trespass and wrongful acts by both defendants as a continuing injury and damage to the property of plaintiff; that the evidence tends to disclose that defendant contractor maintained structures upon the premises of plaintiff for some period of time after the railroad tunnel had been completed and had not removed the same down to the time of the trial, although the plaintiff had served a demand upon it to remove the same. *Held*, it was error for the Appellate Division, which did not pass on the rights of the plaintiff, if any, against the contractor or between the company and the city or specifically reverse any of the findings of fact or law made by the trial court or make new findings, to dismiss the complaint against the defendant contractor. The action being one in equity wherein the rights and liability of all parties thereto can be determined the contractor should have been continued as a party defendant.

*New York Dock Co.* v. *Flinn-O'Rourke Co., Inc.*, 200 App. Div. 871, modified.

(Argued May 11, 1922; decided July 12, 1922.)

Appeal from so much of a judgment entered February 18, 1922, upon an order of the Appellate Division of the Supreme Court in the second judicial department as reverses an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directs a dismissal of the complaint as to defendant Flinn-O'Rourke Company.

*Charles E. Hotchkiss* and *Andrew Macrery* for plaintiff, appellant. So long as the city of New York failed to fully perform the terms of the stipulation of December 9, 1914, neither it nor its contractor could justify their possession of the rights granted thereunder. Such possession would constitute an interference with plaintiff's rights and plaintiff could maintain an action therefor against all trespassers including those who were aiding in or abetting therein. (Joyce on Injunctions, § 1145; Waterman on Trespass, § 793; 38 Cyc. of Law & Pr. 1063; *Wheelock* v. *Noonan*, 108 N. Y. 179; *Adams* v. *Farr*, 2 Hun, 473; *Van Deusen* v. *Young*, 29 Barb. 9; *Welch* v. *Winterburn*, 25 Hun, 437; *Hunter* v. *Daniels*, 171 N. Y. Supp. 387; *Westphal* v. *City of New York*, 177 N. Y. 140; *American Bank Note Co.* v. *N. Y. E. R. R. Co.*, 129 N. Y. 252; *Erie R. R. Co.* v. *City of Buffalo*, 180 N. Y. 192; *Dailey* v. *City of New York*, 170 App. Div. 267; 218 N. Y. 665.)

*John P. O'Brien*, Corporation Counsel (*Charles V. Nellany, John F. O'Brien*, and *Frank R. Rubel* of counsel), for defendant, appellant. If either of the co-defendants is liable to plaintiff, both are liable. (*Matter of Montague Street*, 224 N. Y. 211; *Knickerbocker Ice Co.* v. *Schultz*, 116 N. Y. 382.) Assuming that the plaintiff had any private rights in the slip at the foot of Montague street which were invaded, it has a right to hold both defendants, independent of any private covenants in the construction contract, or other consents or agreements between the latter. (*Smythe* v. *City of New York*, 203 N. Y. 106; *Froelich* v. *City of New York*, 199 N. Y. 466; *Uppington* v. *City of New York*, 165 N. Y. 222; *Taylor* v. *Met. El. Ry. Co.*, 18 J. & S. 311; *Cohen* v. *Mayor*, 113 N. Y. 532; *Irvine* v. *Wood*, 51 N. Y. 224.)

*Edward M. Grout* and *Paul Grout* for respondent. This is not an action for trespass but for compensation

because of the city's appropriation of the plaintiff's easements in the slip and its failure to have such compensation determined and to pay the same as it agreed, and injunction can only issue as a means of enforcing the judgment. (*Bly* v. *Electric Ill. Co.*, 172 N. Y. 1; *American Bank Note Co.* v. *N. Y. E. R. R. Co.*, 129 N. Y. 252; *Westphal* v. *City of New York*, 177 N. Y. 140.) Even if the suit could still be regarded as for trespass, the contractor is not liable as a trespasser. (1 Addison on Torts, 448, note 5; *Adams* v. *Rivers*, 11 Barb. 390; *Kelly* v. *Tilton*, 2 Abb. Ct. App. Dec. 495; *Cave* v. *De Goes*, 3 Caines, 261; *Hall* v. *Weber Bldg. Co.*, 36 Misc. Rep. 551; *Hill* v. *Bartholomew*, 71 Hun, 453.)

Hogan, J.  The plaintiff in this action alleged in its complaint ownership in certain lands under water together with buildings, bulkheads, wharves, piers, docks, slip and structures, in the borough of Brooklyn. The slip mentioned had originally been used for a period of years as the Wall Street Ferry. On the northerly side of the slip plaintiff occupied a pier designated as pier Number 14, and on the southerly side of the slip a pier referred to as Number 15. The piers were utilized for wharf purposes, and the structures thereon used generally for storage, etc., purposes. Vessels moored to the piers and wharfage was collected by plaintiff. Briefly that was the situation of the property in 1914.

The subway between Brooklyn and New York is located underneath Montague Slip, so called. Flinn-O'Rourke Company, defendant, was the contractor for the construction of that portion of the subway from Whitehall street, borough of Manhattan, under the East river, passing under Montague Slip to a point near Clinton street, borough of Brooklyn, under a contract dated July 13th, 1914, executed by the city of New York.

The action was originally commenced against Flinn-O'Rourke Company as sole defendant. Later the city

of New York was brought into the action as a party defendant, the complaint amended and answers served thereto. The amended complaint in substance alleges that defendants in December, 1914, entered into and upon the slip, took exclusive possession and occupation thereof and .constructed therein certain structures, plants, machinery and railways, and have excluded from navigation therein tugs and other craft belonging to plaintiff and prevented them from mooring to or making use of pier No. 15, and excluded vessels from mooring to plaintiff's pier, and have entered upon and taken possession of pier No. 15 to the exclusion of plaintiff and refused after demand to vacate the premises and restore to the plaintiff possession thereof, but continue to unlawfully and without right occupy the property of plaintiff.

The relief demanded was an injunction restraining defendants from trespassing upon the property of plaintiff, continuing a nuisance thereon, obstructing any part of the land under water of the slip or obstructing or hindering plaintiff in its access to and from its property, etc., and for damages.

The defendant Flinn-O'Rourke Company asserted that it had been put into possession of the property by the city pursuant to the terms of its contract, and if any trespass or wrong was committed it was chargeable to the city and estoppel or waiver by plaintiff. So far as material here, the answer of the city set forth a number of clauses of the contract between it and Flinn-O'Rourke Company under which it claimed the latter company had assumed all liability for the acts complained of and was solely responsible to plaintiff for any alleged injuries sustained and required to indemnify the city against such claim. Further reference to the voluminous pleadings for the purpose of ascertaining the nature of the action is unnecessary. The trial justice concluded that plaintiff had failed to make out any cause of action

9

based upon fee damages; that the occupation or obstruction of the Montague street slip by defendants or either of them was not of a tortious nature; that any judgment for damages herein must be entered, if any is entered, for such cause against both defendants; that plaintiff was not entitled to an injunction but was entitled to the fair market rental of piers Numbers 14 and 15 from December 7th, 1914, to June 2d, 1916, the amount thereof to be determined by a referee, and, finally, if any damages shall be collected from Flinn-O'Rourke Company, said company shall be reimbursed by the city of New York for such sum as may be collected from it.

Upon appeal to the Appellate Division, the interlocutory judgment granted was unanimously reversed (198 App. Div. 376) and a new trial granted as to both defendants, Justice Jaycox writing an opinion and Presiding Justice Blackmar a concurring memorandum. Subsequently the order of the Appellate Division was after re-argument resettled so as to provide that as to the defendant Flinn-O'Rourke Company the complaint should be dismissed, but reason for such conclusion was not stated.

The sole question for consideration on this appeal is the action of the Appellate Division in dismissing the complaint as to defendant Flinn-O'Rourke Company. The Appellate Division so far as the opinion or the order made did not pass upon the rights of the plaintiff if any as against Flinn-O'Rourke Company or as between that company and the city of New York. None of the findings of fact or of law made by the trial justice were specifically reversed or new findings made. Under the order of the Appellate Division we must conclude that the reversal of the trial court was made upon the law.

The allegations of the complaint present a cause of action sounding in trespass and wrongful acts by both defendants alleged as a continuing injury and damage to the property of plaintiff and injunctive relief was sought to prevent a continuance of the same. That issue

the plaintiff had a right to establish, assuming it could do so, as against the defendants as joint tort feasors or as against the party trespassing upon its property rights.   In so far as the ultimate right of one defendant as against the co-defendant was concerned, the plaintiff was not directly interested.   The relief sought by plaintiff was possession of the property freed from the obstructions placed thereon as alleged, by both defendants and damages incidental thereto.   The record contains evidence tending to disclose that defendant Flinn-O'Rourke Company maintained structures upon the premises of plaintiff for some period of time after the railroad tunnel had been completed and had not removed the same down to the time of the trial though plaintiff had served a demand upon it to remove the same.   The weight of such evidence we do not consider.   That question devolves upon the trial court and the Appellate Division.   Under the judgment of the Appellate Division the complaint has been dismissed against the Flinn-O'Rourke Company leaving the plaintiff to proceed against the city as sole defendant.   The action being one in equity wherein the rights and liability of all parties thereto can be determined, the Flinn-O'Rourke Company should have been continued as a party defendant and it was error to dismiss the complaint against said defendant.

The judgment of the Appellate Division should be modified so as to grant a new trial and as so modified affirmed, with costs to appellants in this court and the Appellate Division.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.