MARY E. BELL and H. W. BELL COMPANY, Appellants, *v.* THE CITY OF NEW YORK and RODGERS & HAGERTY, INC., Respondents.

First Department, April 9, 1937.

*Ralph Stout* of counsel [*Thomas E. Shea*, attorney], for the appellants.

*Alfred D. Jahr* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*, attorney], for the respondent City of New York.

*Harry Merwin* of counsel [*John F. Collins* with him on the brief; *Bandler, Haas & Collins*, attorneys], for the respondent Rodgers & Hagerty, Inc.

GLENNON, J. We are concerned on this appeal solely with the sufficiency of the complaint which is addressed to the equity side of the court. In determining the questions involved we cannot consider affidavits submitted on a prior motion for a temporary injunction, but must confine our review to the allegations which are set forth in the pleading.

Plaintiff Mary E. Bell is the owner, and her coplaintiff, H. W. Bell Company, the lessee of premises having a frontage of 250 feet on the west bank of the Mott Haven canal. They commenced this action against the defendant city of New York, and its contractor, Rodgers & Hagerty, Inc., for an injunction to restrain them from excavating the bed of the canal and laying therein a sewer which interferes with plaintiffs' riparian rights.

The following is a brief summary of certain allegations contained in the complaint. The Mott Haven canal is a navigable waterway in which the tide ebbs and flows. It is a branch or estuary of the Harlem river and extends northerly to East One Hundred and Thirty-eighth street. For many years the canal had a depth of

approximately nine and one-half feet at mean high water, and was navigable for its entire length for boats having a draft of about eight and one-half feet. As riparian owners, the plaintiffs have the right to enter upon and to navigate the canal with boats, and to have free and unobstructed access, ingress and egress for the purpose of receiving and delivering cargoes, subject only to the payment of a toll charge.

Having set forth these preliminary facts the plaintiffs then allege:

" IX. That the defendants are wrongfully and unlawfully excavating a part of the bed of the said canal and laying therein a sewer consisting of a steel reinforced concrete sewer pipe of approximately eight (8) feet inside diameter and approximately twelve (12) feet on the outside thereof, at a depth which will obstruct the free and proper use of the said Mott Haven Canal and in large measure destroy the value of the property abutting on the said canal, including the above mentioned property of the plaintiffs herein."

The remaining paragraphs of the complaint relate to irreparable injury and damage.

It is the claim of the city that the complaint is devoid of any facts which show that the construction of the sewer in the bed of the canal interferes with the plaintiffs' rights of navigation. The city insists that the plaintiffs must allege that the sewer is being constructed at a depth of less than nine and one-half feet, and interferes with the passage of boats having a draft of eight and one-half feet. With this contention we cannot agree. The averments in the pleading as it now stands are sufficient. It is not necessary for the plaintiffs to plead the exact measurements of the sewer being or about to be constructed, or the exact depth provided for in the contract between the city and its codefendant, the contractor.

We are of the opinion that the plaintiffs have alleged facts sufficient to set forth a cause of action. The complaint, as we read it, simply asks, in addition to incidental damages, that any interference with their existing riparian rights in connection with the use of the canal should be restrained. Thus, we conclude that the court at Special Term improperly dismissed the complaint, not only as to the city, but in addition thereto, as against the codefendant, Rodgers & Hagerty, Inc.

It is idle to argue that no cause of action was set forth against the contractor. If the latter is permitted to do the work which the city itself may not be allowed to do, a decree after a trial of the issues restraining the city from constructing the sewer would be of little or no benefit to the plaintiffs whose rights may have been transgressed. The action being one in equity wherein the

rights of all the parties can be determined, it seems to us that the contractor was named properly as a party defendant. (See *N. Y. Dock Co.* v. *Flinn-O'Rourke Co., Inc.*, 234 N. Y. 126.)

The judgment and order should be reversed, with costs, and the motions denied.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Judgment and order unanimously reversed, with costs, and the motions denied.